AO 91 (Rev. 5/85)  Criminal Complaint

# United States District Court

FILED
At Albuquerque NM

NOV 06 2008

MATTHEW J. DYKMAN
CLERK

### DISTRICT OF  NEW MEXICO

UNITED STATES OF AMERICA

V.

Shawn Dale Torrez, AKA Jose Michael Torres
DOB: 07/1977
SSN: XXX-XX-0367

## CRIMINAL COMPLAINT

CASE NUMBER: 08-MJ-2624

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___10/17/08 through 11/5/08___ in _Bernalillo_ county, in the

_____ District of _New Mexico_____ defendants(s) did, (Track Statutory Language of Offense)

knowingly have in his possession stolen mail matter from the U.S. Mail, to wit: check # 13707 and # 13714 on the account of Mesa View United Methodist Church and check # 2227 and # 2280 on the account of Grace Solomon; and did knowingly and intentionally make a false statement in the acquisition of a firearm, to wit: a Mossberg 500A shotgun, S/N: T190443, from a federally licensed firearms dealer, which false statement was intended and likely to deceive such dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearm

in violation of Title 18_____ United States Code, Section(s) 1708, 922(a)(6) and 924(a)(2)_____.

I further state that I am a(n) US Postal Inspector_____ and that this complaint is based on the following
facts:                          Official Title
See attached affidavit, which is incorporated herein by reference

Continued on the attached sheet and made a part hereof:      ☒ Yes      ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__NOV 6 - 2008_____

Date

LORENZO F. GARCIA
Chief United States Magistrate Judge

_____
Name and Title of Judicial Officer

at      ___ALBUQUERQUE, NEW MEXICO___

City of State

_____
Signature of Judicial Officer

Approved telephonically by AUSA Sasha Siemel on 11/6/08

## AFFIDAVIT

UNITED STATES DISTRICT COURT    )
                                )    SS
DISTRICT OF NEW MEXICO          )

I, Stephanie Herman, having been duly sworn, hereby depose and state as follows:

1. I am a duly authorized Postal Inspector with the United States Postal Inspection Service and have been so employed since March 1998. I am currently assigned to the US Postal Inspection Service, Fort Worth Division, Albuquerque, New Mexico Domicile.

2. This affidavit is made in support of a complaint against SHAWN DALE TORREZ, AKA Jose Michael Torres, in connection with an investigation into possession of stolen mail, and making a false statement in the acquisition of a firearm in violation of Title 18, United States Code, Sections 1708, 922(a)(6) and 924(a)(2). This affidavit does not contain all information known to your affiant; rather it contains information necessary to establish probable cause for the violations charged.

3. On October 24, 2008, Robert Jasler of First Community Bank (FCB) contacted me about a FCB customer whose checks were stolen from the mail and cashed. On October 27, 2008, I met with Mr. Jasler and he provided me with two original checks on the account of Mesa View United Methodist Church (Mesa View). The checks were originally payable to New Mexico Conference but "Shawn D Torrez of" had been added to the check above New Mexico Conference. Both checks were dated 10/15/2008. Check # 13707 was for $2,064.22 and check # 13714 was for $3,000. Both checks had a smeared inked fingerprint of the individual who cashed them. New Mexico driver license # 100125897 and a date of birth were handwritten on each check. Check # 13707 was cashed on October 20, 2008 at the FCB Petroglyph Branch, 8251 Golf Course Rd. NW, Albuquerque, NM.

1

Check # 13714 was cashed on October 17, 2008 at the FCB Journal Center Branch, 7900 Jefferson NE, Albuquerque, NM.

4. I was familiar with someone named Shawn Torrez because I previously encountered someone with that name in the course of my duties. I knew that person's date of birth. Mr. Jasler provided me with video surveillance photos from each transaction. The subject in the photos is the same Shawn Torrez I had previously encountered. An inquiry of the driver license number 100125897 revealed that it is issued to Shawn D. Torrez. The date of birth on the driver license was the same as the date of birth I had for Shawn Torrez.

5. On October 27, 2008, I spoke to Pastor Brad Bennett of Mesa View. Pastor Bennett stated that outgoing checks are mailed from the cluster mailbox at the church at 4701 Montano Rd. NW, Albuquerque, NM. He stated that the box was broken into and five letters containing seven checks were stolen. Pastor Bennett stated that three of the checks were payable to New Mexico Conference. He stated that the third check was still missing. Pastor Bennett stated that on or about October 20, 2008, a representative from the Smith's store at Louisiana Blvd. NE and Montgomery Blvd. NE in Albuquerque called to ask if he had written a check to Shawn D Torrez of eXcel Staffing Companies. He stated he told her that the name Shawn D Torrez was not on the check they issued. Pastor Bennett stated that he was told a male subject attempted to cash the check but left when the manager went to make a call to verify it. Pastor Bennett stated that the following checks were still missing:

| Check # | Payee | Amount |
|---------|-------|--------|
| 13704 | New Mexico Conference | $35.00 |
| 13705 | Costco | $234.58 |
| 13706 | Qwest | $402.65 |
| 13710 | Paul Stevenson | $138.78 |

6. On October 28, 2008, I met with representatives from Smith's, 4016 Louisiana Blvd. NE, Albuquerque, NM in an attempt to obtain video from the attempted transaction. I was told that no video was available because no one put a tape into the VCR on that date. I was told that the check had been returned to Pastor Bennett.

7. On October 29, 2008, I met with Pastor Bennett and obtained a copy of check # 13712 payable to eXcel Staffing Companies for $477.92.

2



"Shawn D Torrez of" had been added to the check above eXcel Staffing Companies.

8. On October 29, 2008, I spoke to Monica Chavez of Santa Fe Federal Credit Union (SFFCU) in Albuquerque, NM.  Ms. Chavez stated that SFFCU employee and member, Grace Solomon, was a mail theft victim.  Ms. Chavez stated she ordered a box of checks for Ms. Solomon on October 16, 2008 but Ms. Solomon never received them. She stated that on October 28, 2008, she received a call from the SFFCU Branch in Amarillo, TX about Ms. Solomon's account because it was overdrawn.  She stated that two checks had been written and the check numbers were from the series included in the order that Ms. Solomon never received.  Ms. Chavez provided me with copies of the checks.  Check # 2227 was dated 11-25-08 and made payable to Big 5 for $488.89.  The name Sylva Florez-Arrn had been added to the check above Ms. Solomon's name.  A New Mexico driver license # 028645694 was handwritten on the check along with a date of birth. Check # 2280 was dated October 26, 2008 and made payable to Sherry J Begay for $2,900.  There was no indication where the check was deposited or cashed.

9. On October 29, 2008, I went to Big 5 Sporting Goods, 3140 Coors Blvd. NW, Albuquerque, NM, and met with Manager Tristan Holtry.  I asked Mr. Holtry to provide me with a copy of the transaction receipt and video surveillance from the transaction, which actually occurred on October 25, 2008.  Mr. Holtry told me that the check was used to purchase a Mossberg 500A shotgun, 40 caliber ammunition, and shoes.  Mr. Holtry showed me surveillance video from the transaction. The subject purchasing the shotgun is Shawn Torrez.  Mr. Torrez filled out the ATF 4473 form using the name Sylva E. Torrez and signed it using the name Sylva Florez (with no "i" in Sylva).  The address used on the form was in Northwest Albuquerque.  Mr. Torrez was accompanied by an unidentified female subject.

10.     On that same date, I used Accurint to identify Sylvia Florez-Arnn at the address used on the firearms transaction record.  I contacted Ms. Florez-Arnn and she stated that the cluster mailbox where she receives her mail was broken into on or about October 25, 2008.  She stated that three or four day's worth of mail was stolen from her box.  Ms. Florez-Arnn stated that a representative from Discover contacted her because someone attempted to open a Discover card in her name.  Ms. Florez-Arnn stated that she did not purchase a firearm and she did not give anyone permission to have her

mail or to use her name and identifying information.  Ms. Florez-Arnn stated that her husband filed a report with the Albuquerque Police Department (APD) concerning the theft of their mail.

11.    On October 30, 2008, I contacted Ms. Chavez from SFFCU and she stated that the check on Ms. Solomon's account payable to Sherry J. Begay had been deposited into an account at Wells Fargo Bank.  She stated she would attempt to find out an account number.  Ms. Chavez stated that another check had been passed at Baillo's.

12.    On October 30, 2008, I met with Baillo's General Manager Stave Raines and he told me that the transaction involving the check on Ms. Solomon's account took place at the Baillo's store in Santa Fe, NM.  Mr. Raines provided me with a copy of the transaction receipt for a 62" TV stand and a Bose 3.2.1GS II System.  The purchase was made on October 26, 2008 in the name of Silva Francisco J and the total was $1,185.02.

13.    On October 31, 2008, I met with Ms. Florez-Arnn and verified her Social Security Number, New Mexico driver license number, and date of birth.  On that same date, Special Agent Tim King of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) accompanied me to Big 5 Sporting Goods and asked for the original ATF Form 4473, Firearms Transaction Record Part 1 – Over-the-Counter.  Mr. Holtry provided SA King with the form and SA King immediately provided the form to me.  The form was for transaction serial number 154-08.  The name on the form is Sylva E Florez and the address given is Ms. Florez-Arnn's address in Northwest Albuquerque.  Ms. Florez-Arnn's Social Security Number, New Mexico driver license number and date of birth were used to complete the form.  Additionally, Mr. Torrez made false statements regarding being the individual who was purchasing the firearm, his criminal history, and his use of controlled substances.  Form 4473 indicates Mr. Torrez bought at 500A Mossberg 12 gauge shotgun, S/N: T190443.

14.    On November 3, 2008, Sherry Begay contacted me to report the theft of her mail.  Ms. Begay stated that her ATM card and PIN were stolen from her mailbox at the Sombra Del Oso Apartments.  She stated that checks were deposited into her account and money was withdrawn using the ATM.  Ms. Begay stated that her account was overdrawn and Wells Fargo Bank had returned some of the original checks to her.  On that same date, I met with Ms. Begay and

4

recovered US Treasury checks addressed to Francisco J Garcia Jr. and to Nicholas A. Zetterholm, both of Northwest Albuquerque.

15.    On November 4, 2008, APD Sergeant G. Barreras contacted me to advise that four individuals, including Shawn Torrez, were in custody and were believed to be in possession of stolen mail. United States Secret Service (USSS) Special Agent Nick Jonte and I responded to the APD Cottonwood Sub-Station and met with Detective Russell Perea. Detective Perea advised that officers were dispatched to 6000 Montano Plaza Dr. NW, Apt. 43A, Albuquerque, NM in reference to loud music and drug activity. Officers went to the apartment and spoke with a male subject who identified himself as Jerry Woods. Woods was later correctly identified as Edward Lujan. Mr. Lujan told the officers that the owner of the apartment had just left but he invited them inside. Lakey Wilson and Thomas Turrietta were also at the apartment. Officers told them they were there regarding complaints about loud music and drug activity. The officers asked if anyone else was in the apartment and they were given conflicting answers. One of the subjects told them that two people were in the bathroom. Officers went to the bathroom door and found it was locked. They announced their presence several times and two subjects identified as Shawn Torrez and Felice Perea came out of the bathroom. Mr. Torrez told the officers that the apartment belonged to his father but that he was in charge of it. He gave the officers permission to search for illegal narcotics. The officers observed counterfeit Social Security Cards pinned to a wall in a bedroom, syringes, a spoon with white residue, and several ID cards with Mr. Torrez's photo but in other names.

16.    Mr. Torrez was standing near the door and then ran out of the apartment. Officer Reeder ran after Mr. Torrez and grabbed his arm but Mr. Torrez broke free and continued to run. Officer Reeder instructed Mr. Torrez to stop running but Mr. Torrez did not. Officer Reeder sprayed Mr. Torrez with his O.C. spray but Mr. Torrez kept running and got into a car. Officer Reeder attempted to get Mr. Torrez out of the car as Mr. Torrez started the car and tried to leave. Officer Romero came to assist and they took Mr. Torrez into custody. Officer Richards arrived on scene and secured the individuals in the apartment. He asked if there were any weapons in the apartment and Ms. Perea stated that there was a handgun under the mattress in the bedroom. Officer Richards went to the bedroom and located a Glock 27 handgun. Mr. Torrez was transported to the hospital because he had been sprayed. All of the other individuals were transported to the

5



Cottonwood Sub-Station. The apartment was secured and the vehicle Mr. Torrez was driving was sealed and impounded so that a search warrant could be sought. Officers observed a counterfeit driver license on the seat of Mr. Lujan's vehicle, so it was sealed and impounded as well.

17. Prior to my arrival at the sub-station, SA Jonte interviewed Ms. Wilson, Mr. Lujan, and Mr. Turrieta. Mr. Lujan stated that Mr. Torrez made an ID and Social Security Card for him in the name of Jerry Woods because he was on the run. Mr. Turrieta stated that he was not involved and had just been visiting Mr. Torrez.

18. SA Jonte and I interviewed Mr. Torrez and he stated that his father rented the apartment for him about three months ago. He stated that he is not breaking into mailboxes and he cannot say who is. He stated that a guy named "G" drops of the mail to him and he goes through it to see what's good and what's not. He stated that he looks for Social Security Numbers and driver license numbers. He stated that if it's worth anything, you make stuff. I showed Mr. Torrez copies of checks # 13707 and # 13714 on the account of Mesa View United Methodist Church and surveillance photos from First Community Bank. Mr. Torrez admitted cashing the checks. I told him I also had surveillance video of the purchase of the shotgun at Big 5 Sporting Goods. Mr. Torrez admitted to purchasing the shotgun in the name Sylva Florez and stated that he purchased it for "G". Mr. Torrez admitted to attempting to open the Discover account in Ms. Florez-Arnn's name. Mr. Torrez stated that the 40 calibre ammunition he purchased was for the Glock handgun found in the apartment. He stated that the Glock belonged to "G" as well. Mr. Torrez stated that he and "G" used the computer at the apartment to make IDs. Mr. Torrez stated that he injects and smokes methamphetamine. He stated he had been clean for four years but started using again shortly after he was shot in January 2008.

19. On November 5, 2008, checks from Ms. Solomon's account at SFFCU were recovered from Mr. Torrez's apartment and a car he was renting. 40 caliber ammunition and shotgun shells were recovered from his apartment.

20. Based on the foregoing, I believe there is probable cause to believe that Shawn Dale Torrez, AKA Jose Michael Torres, was in violation of Title 18, United States Code, Sections 1708, Theft or



receipt of stolen mail matter generally, 922(a)(6) and 924(a)(2), False statement in the acquisition of a firearm.

_Stephanie Herman_

Stephanie Herman, Postal Inspector

Subscribed and sworn to before me on this the ___6ᵗʰ___ day of November 2008.

_Lorenzo F. Garcia_

United States Magistrate Judge